**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4844

JANE DOE, a/k/a Heather Ohen
Damoah, a/k/a Adwoa Oforiwaa
Ntiamoah,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-98-312)

Submitted: August 17, 1999

Decided: September 7, 1999

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Declan C. Leonard, MARTIN, ARIF, PETROVICH & WALSH,
Springfield, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, David J. Goldstone, Special Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jane Doe, a/k/a Heather Ohene Damoah, a/k/a Adwoa Oforiwaa Ntiamoah,**1** appeals the district court judgment convicting her of one count of fraud and misuse of immigration documents in violation of 18 U.S.C.A. § 1546(a) (West Supp. 1999). Doe contends that: (1) the evidence was insufficient to establish that she committed fraud by stating that a lottery petition was hers and by submitting documents supporting her assertion that she was the person named in the lottery petition; (2) the district court erred by refusing to ask prospective jurors voir dire questions regarding their attitudes towards this country's immigration policies; and (3) the district court erred by failing to dismiss the indictment based on the Government's failure to comply with the Vienna Convention on Consular Relations.**2** Finding no reversible error, we affirm.

A guilty verdict must be upheld "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Here, there was evidence that Doe tried to assume the identity of a person named Heather Ohene Damoah who submitted a Diversity Visa lottery petition to the National Visa Center in New Hampshire. A forensic expert testified that the both the photograph and the signature on the petition probably did not belong to Doe. While under oath, Doe could not recall pertinent details regarding the petition, despite stating that she prepared the petition and submitted it. Furthermore, there was evidence that Doe, who was known as Adwoa Oforiwaa Ntiamoah, acquired

_____

**1** It appears from the evidence that Damoah's middle name is spelled "Ohene."
**2** Article 36 of the Vienna Convention on Consular Relations requires an arresting government to inform without delay a foreign national who has been arrested of her right to contact her consul without delay.

2

identification documents purporting to identify her as Heather Ohene Damoah shortly before an interview at the Immigration and Naturalization Service regarding adjusting her status. Giving the Government the benefit of all reasonable inferences, see United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), we find that there was sufficient evidence that Doe submitted documents to the INS containing material false statements.

We also find that the district court did not abuse its discretion by denying Doe's request to ask prospective jurors about their attitudes towards this country's immigration policies. See United States v. Lancaster, 96 F.3d 734, 738 (4th Cir. 1996). This was not an issue that was "inextricably bound up with the conduct of the trial." Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981) (internal quotation omitted).

Finally, we agree with the district court that Doe had the burden of establishing that she was prejudiced by the Government's failure to notify her of her rights under Article 36 of the Vienna Convention on Consular Relations and that Doe did not establish prejudice. See United States v. Lombera-Camorlinga, 170 F.3d 1241, 1244 (9th Cir. 1999).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3